United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| YVETTE CRUZ, INDVIDUALLY AND A/N/F OF S.C., A MINOR, Plaintiffs, | § § § § | |
| v. | § § | Civil Action No. 1:20-cv-042 |
| WAL-MART STORES TEXAS, LLC, Defendant. | § § § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Defendant Wal-Mart Stores Texas, LLC's "Motion for Summary Judgment and Memorandum in Support Thereof" (Defendant's "Motion"). Dkt. No. 11. Plaintiffs did not file a response. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Defendant's Motion; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. Jurisdiction

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Background and Factual Summary[1]

Plaintiffs initiated this civil action by filing their "Original Petition, Request for Disclosure, Interrogatories and Request for Production" (Plaintiffs' "Original Petition") in the 138th Judicial District Court, Cameron County, Texas, on February 28, 2020. Dkt.

---

[1] The factual background is gathered from the "Original Petition, Request for Disclosure, Interrogatories and Request for Production" filed by Plaintiffs and Defendant's Motion. Dkt. No. 1-1; Dkt. No. 11.

No. 1-1 at 1.  Plaintiffs are Yvette Cruz, Individually and as Next Friend of S.C., her minor daughter.  *Id.*  In their Original Petition, Plaintiffs allege that:

1. On or about March 25, 2018, they both fell at a Wal-Mart store located in Los Fresnos, Texas, and sustained injuries;

2. They were invitees while at the Wal-Mart store;

3. Plaintiffs slipped and fell as a result of a dangerous condition on the premises;

4. Defendant was or should have been aware of the dangerous condition on the premises; and

5. Plaintiffs suffered severe and debilitating injuries because of the fall.

Dkt. No. 1-1 at 2.

Defendant filed its Notice of Removal on April 1, 2020; it filed its Motion on January 15, 2021. Dkt. No. 1; Dkt. No. 11.  To date, Plaintiffs have not filed a response.  In its Motion, Defendant states that Plaintiffs allege a negligence claim under theories of premises liability and ordinary negligence.  Dkt. No. 11 at 6.  Defendant argues the ordinary negligence claim forms part of and is included in the Plaintiffs' premises liability claim.  *Id.* at 6.  Defendant further argues that there is no genuine dispute as to two material facts: 1) its prior knowledge of the dangerous condition; and 2) the existence of a condition that posed an unreasonable risk of harm.  *Id.* at 2, 7-11.  Defendant, then, argues it is entitled to judgment as a matter of law.  *Id.* at 12.  In support of its Motion, Defendant cites to the following materials in the record:

1. Cruz was having a conversation with a store manager prior to the fall;

2. S.C. wanted Cruz to take a picture with the Easter Bunny; Cruz refused;

3. Cruz finished her conversation with the store manager, turned to walk away, and lightly pulled S.C.'s hand;

4. S.C. slipped and during the course of her fall, she let go of Cruz's hand;

5.  This caused Cruz to fall backwards and into a store display;

6.  Although she admits S.C. was resisting, Cruz denies pulling S.C.;

7.  Cruz disagreed the 45-second clip of the store's video surveillance shows that S.C. was pulling her or that she was pulling S.C.;

8.  Cruz testified she does not know what caused S.C.'s fall, did not see any substance on the floor of the store, and does not know how long the condition had existed prior to the fall;

9.  Cruz testified she saw the store manager with a bottle of water with condensation dripping off it; she did not see water dripping from the bottle and did not know if any water from the bottle caused S.C.'s fall;

10.  S.C. testified that she thinks she slipped on a clear substance, possibly water;

11.  S.C. thinks it was water because there was a store employee with a cold bottle of water with condensation;

12.  S.C. testified initially she did not see water dripping from the bottle, but later testified she did;

13.  S.C. testified she was not paying attention and did not see any water on the floor; she could not describe the size of the spill but thinks it was not big because she did not see it; she does not know how long the alleged condition existed prior to her fall;

14.  S.C. testified nobody from the store mentioned anything about a substance on the floor or how long the alleged condition had been present;

15.  S.C. testified that although she was holding Cruz's hand prior to the fall, neither she nor Cruz were pulling each other;

16.  S.C. testified that she was holding onto Cruz with both hands and that Cruz pulled her for some distance; and

17.  S.C. testified that, during her fall, she let go of Cruz's hand causing Cruz to fall backwards.  Dkt. No. 11 at 2-4.

### III.  Legal Standards

#### A.  FED. R. CIV. P. 56(a)

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (same).  Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment.  Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson*, 477 U.S. at 248.  A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Id.* Therefore, summary judgment is proper if, under governing laws, there is only one reasonable conclusion as to the verdict.  If reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not be granted.  *Id.* at 249.

The movant on a summary judgment motion bears the initial burden of providing the court with a legal basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  The burden then shifts to the resisting party to present affirmative evidence to defeat the motion. *Anderson*, 477 U.S. at 257.  All facts and inferences drawn from those facts must be viewed in the light favorable to the party resisting the motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 378 (2007).  "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

### B.     Local Rule 7.4

Local Rule 7.4 provides that a party's failure to respond to a motion "will be taken as a representation of no opposition." *See* Rule 7.4 of the Local Rules of the United States District Court for the Southern District of Texas. *See also* Rule 6(C), Civil Procedures of Judge Rolando Olvera ("Failure to respond to an opposed motion will be taken as a representation of no opposition."). Nevertheless, "a district court may not grant summary judgment by default simply because there is no opposition to the motion[.]" *Atain Specialty Ins. Co. v. Sai Darshan Corp.*, 226 F. Supp. 3d 807, 813 (S.D. Tex. 2016); *Solis v. Wal-Mart Stores E., L.P.*, No. CIV.A. B-07-205, 2010 WL 968150, at *1–2 (S.D. Tex. Mar. 11, 2010) (same). When the nonmoving party has failed to respond, the movant must demonstrate an entitlement to summary judgment as a matter of law. When the movant makes that prima facie showing, "the court may accept as undisputed the movant's version of the facts[.]" *Atain Specialty Ins. Co.*, 226 F. Supp. 3d at 813 (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) and *John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 708 (5th Cir. 1985)).

### C.  Premises Liability

Under Texas law, property owners owe a duty to protect invitees from an unreasonable risk of harm. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). The requirements for a claim under this duty are:

> (1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;
>
> (2) That the condition posed an unreasonable risk of harm;
>
> (3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*Id.* at 99; *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006).  Actual knowledge "requires knowledge that the dangerous condition existed at the time of the accident." *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414–15 (Tex. 2008).  Circumstantial evidence can "establish[] actual knowledge only when it 'either directly or by reasonable inference' supports that conclusion."  *Id.* at 415 (quoting *State v. Gonzalez*, 82 S.W.3d 322, 330 (Tex.2002)).

Alternatively, constructive knowledge requires that a "reasonable inspection" or "the exercise of reasonable care" "would have discovered the" dangerous condition.  *CMH Homes*, 15 S.W.3d at 101.  Constructive knowledge of discoverable hazards is based on three factors: "proximity, conspicuity, and longevity."  *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006).  "The so-called 'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition."  *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).  "[I]f the dangerous condition is conspicuous[,] an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it."  *Id.* at 816.

## IV.  Discussion

Defendant argues that Plaintiffs' ordinary negligence claim is not a separate one, but instead is part of their premises liability claim.  Dkt. No. 11 at 3-7.  Defendant is correct.  Plaintiffs allege the existence of a dangerous condition, do not state facts concerning the Defendant's ongoing activity, and their claim is based solely on a theory of premises liability.  Dkt. No. 1-1 at 2-3.  Defendant, then, further argues there is no evidence to support Plaintiffs' premises liability claim and that it is entitled to summary

judgment as a matter of law.  Dkt. No. 11 at 3-7.  Again, Defendant is correct; as explained below, Plaintiffs have not provided evidence to create a genuine issue of material fact concerning Defendant's constructive or actual knowledge required to proceed with their premises liability claim.[2]

### A. The Ordinary Negligence Claim Merges into the Premises Liability Claim

In their Original Petition, Plaintiffs plead premises liability and ordinary negligence causes of action.  Dkt. No. 1-1 at 2-4.  In its Motion, Defendant argues that the facts alleged by Plaintiffs do not support an independent ordinary negligence claim.  Dkt. No. 11 at 6.  Defendant further argues that the Court should merge the ordinary negligence claim into the premises liability claim.  *Id.*  Defendant is correct; Plaintiffs' "injuries are properly conceived as resulting from a condition on the premises rather than an ongoing activity." *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014), *certified question answered*, 465 S.W.3d 193 (Tex. 2015) (internal quotation omitted).

A claim sounds in premises liability when the pleaded facts focus on a dangerous condition and not on any activity of an employee.  *Id.* at 196-97 (internal citations omitted).  "[W]hen a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 215 (Tex. 2015).  The Plaintiffs claim they "slipped and fell as a result of dangerous conditions on the premises" and that "Defendants were aware and/or should have known of the dangerous conditions," while failing to mention an employee or ongoing activity of the Defendant.  Dkt. No. 1-1 at 2.

---

[2] Because the recommendation to grant Defendant's Motion is based on its analysis of the premises liability claim's knowledge requirement, the Court does not consider whether there is a genuine dispute concerning the existence of a dangerous condition.

The Plaintiffs' claims, then, as pleaded, sound in premises liability only. *See Austin v. Kroger Texas L.P.*, 746 F.3d at 196-97.

### B. Actual Knowledge

To determine whether a genuine issue of material fact exists concerning actual knowledge, the Court considers any evidence indicating a Defendant's employee knew of the dangerous condition at the time of the incident. *City of Corsicana v. Stewart*, 249 S.W.3d at 414–15. Here, S.C. testified during her deposition that she could not recall anyone claiming to have seen the hazard. Dkt. No. 11-2 at 3. There is nothing in the record to support a finding that the Defendant had actual knowledge and Plaintiffs have not provided the Court with any evidence to support such a finding. The Court finds that there is no genuine issue of material fact regarding Defendant's actual knowledge of a dangerous condition.

### C. Constructive Knowledge

As previously stated, constructive knowledge of discoverable hazards is based on three factors: "proximity, conspicuity, and longevity." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d at 567. Here, although proximity of Defendant's employees to the alleged dangerous condition can infer constructive knowledge, visibility, and longevity of the dangerous condition weigh against such an inference. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d at 567. There is no testimony from any witness claiming to have seen the alleged hazard; neither Plaintiff could identify any dangerous condition on the premises despite having remained in the location of the fall for a minute or two after the incident. Dkt. No. 11-1 at 4-5; Dkt. No. 11-2 at 3; Dkt. No. 22-3 at 5. During their depositions, both Plaintiffs did testify that a nearby employee was holding a bottle of water that was

dripping condensation, which may have caused S.C. to slip and fall.  Dkt. No. 11-1 at 4-5; Dkt. No. 11-2 at 2-3.

Based on this evidence, no reasonable factfinder could find that a visible dangerous condition existed long enough to establish the Defendant's constructive knowledge. Although the employee was standing in close proximity to the alleged dangerous condition, there is no testimony or other evidence to support a finding that someone saw the alleged hazard or for how long it existed prior to the Plaintiffs' fall.  An allegation implying that a puddle may have formed under a cold bottle of water is not enough to impute constructive knowledge.  *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d at 816 ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition").

Having established there is no genuine dispute concerning its lack of knowledge, Defendant is entitled to summary judgment as a matter of law.

## V.  Recommendation

It is recommended that the Court: (1) **GRANT** Defendant's Motion; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VI.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    **SIGNED** on this **10th** day of June, 2021.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**